Argued July 5, affirmed September 9, 1966

# STATE OF OREGON *v.* JOHN J. EDWARDS

417 P. 2d 766

*John A. Tujo,* Portland, argued the cause and filed a brief for appellant.

*George M. Joseph,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

DENECKE, J.

The defendant was found guilty of first-degree murder of his estranged wife.

He contends that the court erred in admitting his oral confession of homicide because it was the product of an interrogation which was carried on before he had been effectively advised of his constitutional rights, as required by *State v. Neely,* 239 Or 487, 395 P2d 557, 398 P2d 482 (1965). The defendant testified that he could not remember what transpired during his interrogation. The police testified that defendant had been taken before a magistrate before interrogation and advised of his rights and the police had also advised him of his right to remain silent, that any statement he made could be used against him, and of his right to counsel, including the right to be furnished counsel if he was indigent. The trial court made specific findings that the defendant had been advised in accordance with *State v. Neely,* supra.

Defendant's contention at trial and in his brief is that *State v. Neely,* supra, is not satisfied unless the defendant is advised that these rights are *constitutional* rights.

██ It is not necessary that the defendant be informed that the source of these rights is the Constitution of the United States. It is sufficient that the defendant be informed that these privileges are his as a matter of right and not because of a whim of the government acting through the police. The trial court found the defendant was correctly advised and there is ample evidence to support such finding.

█ Defendant's principal contention upon oral argument was that the defendant's physical and mental condition at the time of interrogation was such that he was mentally incapable of understanding the import of any advice of his constitutional rights. While this ground of objection to the confession was not made at the trial, the trial court admirably anticipated the possible constitutional consequences of the evidence and made a specific finding "that the accused, at that time [of interrogation], was of a state of mind where he comprehended the statements that were made to him and made an intelligent waiver of these rights * * *." There is evidence to substantiate this finding.

The confession was properly received.

█ The defendant further contends that his motion for acquittal should have been granted and the jury should have been instructed that a verdict of first-degree murder could not be returned because there was no evidence of premeditation.

There was evidence of a serious dispute between the defendant and his wife. She had filed a complaint for divorce. The defendant was ill, believed he needed

hospitalization, and called his wife for help, but she refused. The defendant got his knife from its sheath downstairs and brought it up to his bedroom. He again called his wife and asked her to bring over some documents which he believed necessary to admit him to a hospital. She came and did not bring the documents. When the defendant found she was leaving without helping him, he stabbed her in the chest eight times while he held her from behind. Defendant then wiped off the knife, took it downstairs and replaced it in the sheath. Such evidence is sufficient to make the issue of premeditation one for the jury's consideration.

Affirmed.